BOUTALL, Judge.
This is a workman’s compensation case in which the sole issue is the extent of disability. Plaintiff, Edgar Bankston, sued for total and permanent disability arising from an industrial accident to his knee. The trial court granted plaintiff an award of permanent loss of bodily function and plaintiff has appealed. We affirm.
There is no issue in this case as to the accident being in the course and scope of plaintiff’s employment, this was stipulated to. The medical reports of plaintiff’s treating physician and an examining physician were also stipulated to. The only testimony given was that of plaintiff and his wife.
The plaintiff contends that the medical reports alone support his claim for total and permanent disability. Defendant contends that the plaintiff has failed to carry his burden of proof on the issue of the extent of his disability.
The medical reports show that plaintiff received a severe blow to his left knee. The blow tore loose the lateral collateral ligament in the knee. An operation was performed to correct this problem and it was successful. Plaintiff wore a cast for six weeks after the operation and thereafter a knee brace for six months. Eight months after the accident plaintiff was discharged by his treating physician, Dr. Davis, and assigned a 10% permanent physical impairment and loss of physical function to the lower left extremity.
Dr. Phillips saw the plaintiff once two years after the accident. His examination also revealed a permanent disability in the left knee which he ascribed as a 20% permanent impairment of function. Dr. Phillips added to his opinion that the plaintiff should not perform tasks which require him to climb to heights repetitively or work in a stooped position for long periods of time. He stated that plaintiff can perform these tasks but imposed these limitations because climbing and stooping would bring about degenerative arthritis more quickly.
The plaintiff and his wife testified that he resumed work as an electrician as soon *876 as possible after the accident. Although he has worked as an electrician ever since, plaintiff claims that he works in substantial pain.
The trial court found plaintiff not to be totally disabled, but found a 20% permanent impairment of function of the left leg. In its Reasons for Judgment the trial court, while discussing the issue of pain while working, mentions the absence of testimony corroborating plaintiff’s testimony. Plaintiff alleges this to be error.
The medical reports are conclusive that plaintiff has sustained a permanent physical impairment of the left knee. However, the reports are inconclusive on the issue of total disability. Plaintiff sought to show, through the testimony himself and his wife, that his physical activities were much more restricted than the reports indicated and that he worked in pain. It is obvious, by the remarks of the trial court in its Reasons for Judgment, that the court found the plaintiff’s testimony not wholly convincing. In remarking on the absence of corroborative testimony the trial court was actually stating that it found plaintiff’s case lacking in a preponderance of the evidence. It is not that the court was assigning probative weight to evidence not in the record, but rather, that the court found plaintiff’s case lacking and was explaining the deficiency.[1]
The record fully supports the judgment rendered by the trial court. We find no manifest error in the trial court’s disallowance of plaintiff’s claim for total and permanent disability.
For the above reasons the judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs.
AFFIRMED.

. Plaintiff testified that, although he worked continuously after discharge by doctor, he did not complain of pain or inability to do the work at the three jobs he held after the accident. The reason he gave for not complaining on two jobs was fear of losing his job. The other job was starting a business and working with his father and brother, neither of whom testified. The trial judge pointed out that the reason of fear of loss of job did not exist there.